## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **YUMENG WANG,** | |
| **Plaintiff,** | **CIVIL ACTION NO.** |
| **v.** | |
| **SLM CORPORATION d/b/a SALLIE MAE,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT AND JURY DEMAND

Plaintiff Yumeng Wang, by and through her attorneys, Salmon, Ricchezza, Singer & Turchi LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1.      This is an action for an award of damages, punitive damages, attorneys' fees and other relief on behalf of Plaintiff Yumeng Wang, a current employee of SLM Corporation d/b/a Salle Mae ("Sallie Mae" or "Defendant"). Ms. Wang has been harmed by Defendant's harassment and discrimination on the basis of her sex.

**2.**      This action is filed pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq. ("Title VII") and the Delaware Discrimination in Employment Act, 19 Del. C. § 711, et seq. ("DDEA").

## JURISDICTIONAL STATEMENT

3.      This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4.      The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5.      This Court has supplemental jurisdiction over any Delaware state law claims pursuant to 28 U.S.C. § 1367.

6.      All conditions precedent to the institution of this suit have been fulfilled. On April 5, 2023, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed as a Complaint with the Delaware Department of Labor ("DDOL"). On August 3, 2023, the EEOC issued a Notice of Right to Sue to Plaintiff.  This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice.

## VENUE

7.      This action properly lies in the District of Delaware, pursuant to 28 U.S.C. § 1391(b).

8.      This action properly lies in the District of Delaware because the claims and significant activities associated with those claims arose in this judicial district.

## PARTIES

9.      Plaintiff Yumeng Wang is an adult female with a residence at 1313 King James Court, Bear, Delaware 19701.

10.      Defendant Sallie Mae is a company offering education loans, college planning tools, and other online loan services, with its headquarters located at 300 Continental Drive, Newark, Delaware 19713.

11.     At all relevant times, Defendant Sallie Mae is and has been an employer employing more than 50 employees.

12.     At all relevant times, employees of Defendant acted as agents and servants for Defendant.

13.     At all relevant times, employees of Defendant were acting within the scope of its authority and in the course of employment under the direct control of Defendant.

14.     At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

15.     At all relevant times hereto, Plaintiff Yumeng Wang was an "employee" of Defendant within the meanings of the laws at issue in this suit and is accordingly entitled to the protection of said laws.

16.     At all relevant times hereto, Defendant was an "employer" and/or "person" under the laws at issue in this matter and is accordingly subject to the provisions of said laws.

17.     This cause of action arose out of transactions or occurrences that took place in whole or in part in Delaware.

18.     Defendant Sallie Mae does significant business within the State of Delaware.

19.     This Honorable Court has jurisdiction over Defendant.

## FACTS

20.     Ms. Wang began her employment with SLM Corporation d/b/a Sallie Mae in or about August 2018 as a Statistical Modeler.

21.     Ms. Wang is currently employed as Senior Manager, Statistical Modeling.

22.     Throughout her employment with Sallie Mae, Ms. Wang has always been, and continues to be, a hardworking and exceptional employee who performs her work in a competent and satisfactory manner.

23.     Despite her loyalty and excellent performance, however, approximately one year into her employment with Sallie Mae, in or about 2019, Ms. Wang began being subjected to harassment on the basis of her sex by her manager, Yi Ding, Senior Director, Decision Science and Modeling.

24.     This harassment included not only inappropriate verbal conduct, but also sexual assault by Mr. Ding in the form of inappropriate and unwanted physical touching of a sexual manner.

25.     Specifically, Mr. Ding constantly touched Ms. Wang on her back and shoulder.

26.     Mr. Ding would also call Ms. Wang into his office, talk dirty to her, and try to touch her leg.

27.     Although Ms. Wang had a short reprieve from the sexual harassment and assault when Defendant mandated that its employees work from home for a brief period of time during the Covid-19 pandemic, the harassment and assault resumed immediately when the employees returned to work in person in 2021.

28.     At that time, again, Mr. Ding would come to Ms. Wang's desk and engage in unwanted physical and sexual assault by, among other things, touching her on her back and her shoulders.

29.     It is noteworthy how Sallie Mae allowed significant differential treatment between its male and female employees.

30.     Specifically, Ms. Wang's female peers were all also harassed in some way by Mr. Ding; and only the male employees, Zheng Gong, Statistical Modeling Manager, and Yufeng Han, Statistical Modeling Director, were not subjected to Mr. Ding's harassment.

31.     Mr. Ding indicated to Ms. Wang that she had to endure this constant unwanted sexual assault and sexual harassment in order to receive a promotion.

32.     For example, on June 9, 2022, Mr. Ding demanded that Ms. Wang "prove she was a good employee" in order to receive a promotion to a manager position (notwithstanding that Ms. Wang had earned the promotion through her hard work and excellent work performance).

33.     To prove that Ms. Wang was a "good employee" that deserved the promotion, Mr. Ding demanded that Ms. Wang do a video call with him.

34.     Ms. Wang did perform the video call with Mr. Ding and thereafter received a promotion to Statistical Modeler Manager.

35.     In addition, on September 27, 2022, Mr. Ding asked Ms. Wang to come to his office.

36.     When Ms. Wang arrived at his office, Mr. Ding stated that he would give Ms. Wang the chance to be promoted into a Director role if she could "convince" him.

37.     It was very apparent that Mr. Ding's attitude was that, if she did not allow him to grope and assault her as he pleased, she would not get the promotion.

38.     Ms. Wang refused Mr. Ding's obvious implication of sexual conduct in exchange for the promotion.

39.     Mr. Ding refused to take no for an answer.

40.     Later that very same day, Mr. Ding approached Ms. Wang, touched her, and stated that she should reconsider her previous refusal to convince him about the Director role.

41.     Ms. Wang rejected his advances again, and, unsurprisingly, she was not promoted to a Director position.

42.     Because Ms. Wang firmly objected to Mr. Ding's discrimination and harassment, she was subjected to a negative employment action, as she was passed over for and did not receive the deserved-promotion.

43.     Mr. Ding created such a hostile work environment that it was difficult for Ms. Wang to come forward and report the harassment.

44.     The unwanted sexual harassment and assault by Mr. Ding continued until November 2, 2022, when Ms. Wang's colleague, Changchang Xiao, reported the sexual harassment and assaults that she had been subjected to by Mr. Ding to Defendant's Human Resources Department.

45.     On November 3, 2022, Ms. Wang was interviewed by Human Resources and filed a formal complaint.

46.     Shortly thereafter, Mr. Ding told Ms. Wang that he was in trouble, that people were making up "false allegations" about him, and that she needed to refute all the "false allegations" and defend him.

47.     Ms. Wang later learned that Mr. Ding had made the same or similar request to two other female colleagues as well.

48.     The ensuing investigation confirmed multiple reports of sexual harassment and assault committed by Mr. Ding.

49.     Defendant is liable for the harassment that Ms. Xiao faced at the hands of Mr. Ding, who Defendant placed in a supervisory capacity over Ms. Wang.

50.     Although Mr. Ding has since been terminated, Ms. Wang continues to experience numerous negative repercussions from the severe and pervasive harassment and sexual assault by Mr. Ding.

51.     Accordingly, Ms. Wang asked Sallie Mae for a period of administrative leave due to the situation with Mr. Ding.

52.     However, Defendant dismissed Ms. Wang's lingering emotional and physical effects from the long- lasting and continuing harassment and assault at the hands of her supervisor, and denied her request on the grounds that the person causing the problem (i.e., Mr. Ding) was no longer with the company.

53.     Defendant informed Ms. Wang that she could use her Paid Time Off or apply for medical leave due to the emotional and physical effects of the harassment and assault, thus placing the onus on Ms. Wang to seek remedies to the situation, instead of taking proper measures to ensure that its employee, Ms. Wang, was made whole and would be able to address the effects of the harassment and assault.

54.     Defendant thus failed to fulfill its obligation to take proper action and permitted continued harm to fall upon Ms. Wang.

55.     Given her treatment during her employment with Sallie Mae, Ms. Wang maintains that she was subjected to harassment and discrimination on the basis of her sex in violation of state and federal laws.

56.     Based on the foregoing, Ms. Wang has been harassed and discriminated against on the basis of her sex, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e), et seq., and the Delaware Discrimination in Employment Act, 19 Del. C. § 711, et seq. ("DDEA").

57.     Ms. Wang has suffered and continues to suffer mental anguish and severe emotional distress as a direct and proximate result of the actions and/or inactions of Defendant.

58.     Defendant and its agents acted with the intent of causing or with reckless disregard for the probability that their actions would cause Ms. Wang severe emotional distress.

59.     Ms. Wang has suffered financial losses, which include, among other things, lost wages, and an obligation for attorneys' fees and costs of bringing suit, as a direct and proximate result of the actions and inactions of Defendant.

**<u>COUNT I</u>**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), <u>et seq</u>.**

60.     Plaintiff Yumeng Wang repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

61.     Based on the foregoing, Defendant engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e), <u>et seq</u>.

62.     In discriminating against and harassing Ms. Wang because of her sex, Defendant violated Title VII.

63.     Said violations were intentional and willful.

64.     Said violations warrant the imposition of punitive damages.

65.     As the direct and proximate result of Defendant's violation of Title VII, Plaintiff Yumeng Wang has sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

## COUNT II
### Delaware Discrimination in Employment Act, 19 Del. C. § 711, et seq.

66.     Plaintiff Yumeng Wang repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

67.     Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the Delaware Discrimination in Employment Act.

68.     In harassing and discriminating against Ms. Wang on the basis of her sex, Defendant violated the DDEA.

69.     As the direct and proximate result of Defendant's violations of the Delaware Discrimination in Employment Act, Plaintiff Yumeng Wang has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred an obligation for attorneys' fees and costs.

### PRAYER FOR RELIEF

70.     Plaintiff Yumeng Wang repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

**WHEREFORE**, Plaintiff Yumeng Wang respectfully requests that this Court enter judgment in her favor and against Defendant and Order:

a.  Appropriate equitable relief;

b.  Defendant to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination and harassment;

c.  Defendant to compensate Plaintiff with the wages and other benefits and emoluments of employment lost because of its unlawful conduct;

9

d.  Defendant to pay Plaintiff punitive damages;

e.  Defendant to pay Plaintiff liquidated damages;

f.  Defendant to pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, and other nonpecuniary losses as allowable;

g.  Defendant to pay Plaintiff's costs of bringing this action and her attorneys' fees;

h.  Plaintiff be granted any and all other remedies available pursuant to Title VII and the DDEA; and

i.  Such other and further relief as is deemed just and proper.

## <u>JURY DEMAND</u>

Plaintiff Yumeng Wang hereby demands trial by jury as to all issues so triable.

Respectfully submitted,

/s/ Ronald l. Daugherty
Ronald L. Daugherty, Esquire
Bar ID No. 5713
SALMON, RICCHEZZA, SINGER & TURCHI, LLP
222 Delaware Avenue, 11th Floor
Wilmington, Delaware 19801
(302) 396-8397

*Attorneys for Plaintiff*

Dated: October 30, 2023